# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



### CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. CR 16-1313 | Date July 5, 2016 |

Present: The Honorable  ALICIA G. ROSENBERG, UNITED STATES MAGISTRATE JUDGE

Interpreter

| Marine Pogosyan | None | None |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Brian David Corvers | Not | X | | | | | |

**Proceedings:** (In Chambers) ORDER OF DETENTION

On June 28, 2016, the United States of America ("Government") filed a complaint for provisional arrest warrant with a view toward extradition ("Complaint"). According to the Complaint, Brian David Corvers was charged in Germany with fraud, committed on a commercial basis and as a member of a gang, and an arrest warrant was issued by a German court on May 13, 2016. Corvers is a German citizen but currently lives in Malaysia. He and his family are apparently on vacation in Los Angeles, California. (*See* Complaint.) The court issued a warrant for provisional arrest of Corvers on June 28, 2016.

Corvers was arrested and appeared before this court on June 30, 2016. The matter was unsealed. The Government filed a request for detention pending further extradition proceedings (presumably receipt of the formal request for extradition and the hearing on the certification of the extradition). The court asked Corvers' counsel whether he wanted an opportunity to brief the issues. Corvers' counsel indicated that it was important to proceed with the hearing forthwith and that he felt further briefing would not be helpful to the court. The court indicated that it would recall the case so that Pretrial Services could have an opportunity to interview any potential sureties.[1] The court recalled the case at the end of the calendar and conducted a hearing on the Government's request for detention. The court heard an oral report from Pretrial Services on the interviews of Corvers and a potential surety during the recess, and heard oral argument from counsel. The court ordered detention.

---

[1] The written pretrial services report indicated that Corvers declined to interview until he could speak to his attorney. Therefore, the report was prepared without input from Corvers or any potential surety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Ninth Circuit has acknowledged that "[o]ver ninety years ago, the Supreme Court recognized that there is a presumption against bail in an extradition case and only 'special circumstances' will justify bail."[2] *United States v. Kirby*, 106 F.3d 855, 858 (9th Cir. 1996) (quoting *Wright v. Henkel*, 190 U.S. 40, 63 (1903)). Corvers bears the burden of showing special circumstances, a term which has not been precisely defined. *Id.* at 858; *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989). A nonexhaustive list of examples of special circumstances "include the raising of substantial claims upon which the [defendant] has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Id.* at 317. On the other hand, issues common to all incarcerated defendants do not qualify as special circumstances. *In re Requested Extradition of Smyth*, 976 F.2d 1535, 1535-36 (9th Cir. 1992) (need to consult with counsel, gather evidence and confer with witnesses).

Corvers has not shown special circumstances. None of the examples given by the Ninth Circuit apply to the facts of this case, and Corvers does not argue otherwise.[3] Corvers argues that he is traveling in Los Angeles with his wife/partner and infant child. To be clear, the infant is being cared for by the infant's mother. This is not a case in which the absence of an incarcerated parent leaves the infant without family support. "Emotional hardship for the family of a fugitive facing extradition is 'present in almost all cases and therefore [does] not constitute a 'special circumstance.' *In re Beresford-Redman*, 753 F. Supp. 2d 1078, 1088 (C.D. Cal. 2010) (quoting *Matter of Extradition of Russell*, 805 F.2d 1215, 1217 (5th Cir. 1986)).

The court remains concerned that Corvers presents a significant flight risk. According to information provided in the pretrial services report and not disputed at the hearing, Corvers was born in Germany, is a German citizen and faces charges in Germany. At the hearing, it was not disputed that Corvers moved from

---

[2] The court notes that a panel of the Ninth Circuit once concluded that the Fourth Amendment precluded the arrest of a person provisionally for 40 days under a treaty without a determination of probable cause, and that until such time as a person is found to be extraditable, the person's Fifth Amendment liberty interest trumps the treaty unless the government shows that the person is a flight risk. However, after release from custody in that case, the person fled the United States. The panel exercised its discretion to withdraw its previous opinion and dismiss the appeal under the fugitive disentitlement doctrine. *Parretti v. United States*, 143 F.3d 508, 511 (9th Cir. 1998). Therefore, the initial panel opinion in the *Parretti* case is not the law of this Circuit.

[3] Counsel cited *Matter of Santos*, 473 F. Supp. 2d 1030 (C.D. Cal. 2006), but that case is wholly distinguishable. The decision in *Santos* noted that the circumstances were "highly unusual and problematic." *Id.* at 1032. As of the date of the federal court's decision, Santos had been in custody more than seven months while the two successive Mexican arrest warrants that served as the basis for his detention had been invalidated in Mexico. *Id.* at 1033-34. The matter was on appeal in Mexico with an indefinite time table. The federal court found that the delay "on the validity of the arrest warrant underlying the extradition request and the existence, under Mexican law, of probable cause to believe that Santos committed the charged offense" constituted special circumstances. There was a risk of inconsistent determinations if the federal court proceeded forthwith without waiting for the conclusion of Mexican proceedings. *Id.* at 1037. The uncertainty regarding the validity of the arrest warrant and the existence of probable cause also constituted special circumstances. *Id.* at 1040. Corvers has not shown that any of the circumstances in *Santos* exist here. Corvers has not shown that the underlying German arrest warrant has been invalidated or otherwise challenged the existence of probable cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Germany to Malaysia, currently lives in Malaysia and owns a business there. He was arrested in Los Angeles while traveling with his wife/partner and infant child.[4] Counsel represented that Corvers has two business accounts in the United States. He has the incentive and ability to flee the United States.

The Government's request for detention is GRANTED.

                                                0 : 0

Initials of Deputy Clerk   mp

---

[4] Corvers is lawfully in the United States. Although it was not clear to the court, Corvers appears to be here on a tourist visa. Counsel represented that Corvers comes to Los Angeles intermittently.